# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KEVIN ROSEBOROUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:15CV54 |
| | ) |
| FIRSTSOURCE ADVANTAGE, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application to Proceed IFP (Docket Entry 2) in conjunction with his pro se Complaint (Docket Entry 3). The Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining

relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2).

A plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement

2

**ANALYSIS**

Plaintiff's Complaint stems from Defendant's alleged attempts to collect a debt owed by Plaintiff to Moses H. Cone Memorial Hospital. (Docket Entry 3.) Plaintiff alleges a single cause of action against Defendant for resuming collection activities without verifying the debt after request in violation of 15 U.S.C. § 1692g(B) of the Fair Debt Collection Practices Act ("FDCPA") (codified at 15 U.S.C. § 1692 et seq.). (Docket Entry 3 at 3.) The Court should dismiss Plaintiff's action for failure to state a claim.

**I. Defendant's Debt Collector Status**

Plaintiff fails to state sufficient allegations to qualify Defendant as a "debt collector" under the FDCPA. "To prevail on a FDCPA claim, a plaintiff must sufficiently allege that (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA." See Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). Although the FDCPA broadly defines the term "debt collector," it also contains numerous, and potentially applicable, exceptions. See 15 U.S.C. § 1692a(6).

---

that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint).

Here, Plaintiff only conclusorily alleges that Defendant qualifies as a debt collector under the FDCPA. (See Docket Entry 3 at 3 ("Firstsource Advantage, LLC are debt collectors within the meaning of the FDCPA § 1692a(6).").) However, the Court need not accept Plaintiff's unsupported legal conclusion. See Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Because Plaintiff fails to include factual allegations demonstrating that Defendant qualifies as a debt collector under the FDCPA, the Court should dismiss Plaintiff's claim.

## II. Defendant's Verification Efforts

Even assuming Defendant qualified as a debt collector under the FDCPA, Plaintiff's allegations demonstrate that Defendant complied with the requirements for verification under the FDCPA, and thus Plaintiff fails to state a claim. According to the FDCPA:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(B). This requirement obligates the debt collector to verify the debt upon request and to provide proof of verification to the debtor; however, "verification of a debt

4

involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt." Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999). In Chaudhry, the Fourth Circuit stated that "[t]here is no concomitant obligation to forward copies of bills or other detailed evidence of the debt." Id.

Here, Plaintiff contends that Defendant violated its duty to verify by providing "nothing other than copies of a couple of alleged statements with no signed verification or accounting of the alleged account or copy of any signed contract or agreement." (Docket Entry 3 at 2.) Plaintiff requests too much. The caselaw clearly repudiates Plaintiff's additional verification demands. See Chaudhry, 174 F.3d at 406 (holding that a debt collector need not validate the underlying debt); Smith v. Encore Capital Grp. Inc., 966 F. Supp. 2d 817, 827 (E.D. Wis. 2013) (rejecting the plaintiff's arguments that the verification of a debt must be signed or accompanied by signed contracts). Defendant's alleged conduct does not subject it to liability under the FDCPA.

In other words, Plaintiff's own allegations reveal that Defendant complied with Plaintiff's verification request. Plaintiff admits that Defendant provided copies of statements (see Docket Entry 3 at 2), and, therefore, Defendant "confirm[ed] in writing that the amount being demanded is what the creditor is

5

claiming is owed," Chaudhry, 174 F.3d at 406. Thus, Plaintiff has no claim.

## CONCLUSION

Plaintiff has failed to establish that Defendant qualifies as a debt collector under the FDCPA. Even assuming Defendant qualified as a debt collector, Plaintiff's own admissions reveal that Defendant complied with the FDCPA and verified the debt. Accordingly, the Court should dismiss Plaintiff's claim for failure to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiffs' Application to Proceed IFP (Docket Entry 2) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

                                              /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                  **United States Magistrate Judge**
January 28, 2015